Mohamedhabib Ahmedin HUSSIEN, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

**Mohamedhabib Ahmedin Hussien, Petitioner,**

v.

**Alberto R. Gonzales, Attorney General, Respondent.**

Nos. 05–71255, 05–72232.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 19, 2006.

Filed Jan. 04, 2007.

654

Robert Houston Pauw, Esq., Gibbs Houston Pauw, Seattle, WA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Immigration and Naturalization Service, Office of the District Counsel, Seattle, WA, Mary Jane Candaux, Esq., Arthur L. Rabin, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: D.W. NELSON, PAEZ, and M. SMITH, JR., Circuit Judges.

## MEMORANDUM *

■ Mohamedhabib Ahmedin Hussien petitions for review of two decisions of the Board of Immigration Appeals (BIA): one denying his direct appeal from the entry of an *in absentia* order of removal, and one affirming the denial of his motion to reopen and rescind. Because we agree with the BIA that it lacked jurisdiction over Petitioner's direct appeal from the entry of the *in absentia* order of removal, we deny the first petition, No. 05–72232. We grant the second petition, No. 05–71255, however, because the agency did not sustain its burden of proving that the petitioner was removable.

Mr. Hussien, who had previously been married and divorced under Sharia religious law, entered into a civil marriage with Semira Hussien, a U.S. citizen, in Ethiopia and then emigrated with his new wife to the United States. In the petition for an immigrant visa that he filed with the U.S. consulate in Ethiopia, he failed to disclose his prior religious marriage and divorce. In 2000, the petitioner and his wife filed a visa petition to bring the petitioner's three children to the United States and for the first time disclosed information concerning his previous marriage. Before the Department of Homeland Security (DHS) had issued a decision on the visa petition, the petitioner also filed a petition to naturalize.[1]

In May 2001, the DHS denied the visa application for his children on the ground that the petitioner's Sharia divorce was invalid. One year later, it denied the petitioner's application for naturalization on the ground that he had committed fraud by failing to disclose his previous marriage and divorce. The DHS then initiated removal proceedings.

During the petitioner's removal proceedings, the IJ heard testimony on the law and customs of marriage and divorce in Ethiopia. The IJ determined that the petitioner's first marriage had lawfully ended in accordance with Islamic law, declined to find fraud or material misrepresentation in

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The Immigration and Naturalization Service (INS) was abolished and its functions transferred to the Department of Homeland Security. *See* Homeland Security Act of 2002, Pub.L. No. 107–296, § 471, 116 Stat. 2135, 2205 (2002), 6 U.S.C. § 291. For purposes of consistency, we will refer to the DHS in this memorandum even though the INS was still intact when the petitioner emigrated to the United States.

his visa application, and terminated the removal proceedings.

The DHS appealed the IJ's decision to the BIA. The BIA found that the petitioner's failure to disclose information about his previous marriage was a willful misrepresentation. The BIA determined that the petitioner was inadmissible and removable under 8 U.S.C. §§ 1182(a)(6)(C)(i) and 1227(a)(1)(A). Specifically, the BIA concluded that the petitioner's misrepresentations were material because he had not obtained a valid divorce from his wife at the time that he married his second wife, and that the lack of a valid divorce, if disclosed, would have prevented the petitioner from obtaining a visa based upon his marriage to his second wife. The BIA remanded the matter to the IJ for further proceedings.

When the petitioner failed to appear at scheduled court hearing, the IJ ordered him removed *in absentia*. The IJ denied the petitioner's motion to reopen the *in absentia* removal order. Following the petitioner's appeal, the BIA affirmed the IJ's denial of his motion to reopen. The petitioner filed a timely petition for review of the BIA's decision on April 18, 2005. We have jurisdiction pursuant to 8 U.S.C. § 1252.

Title 8, U.S.C. § 1229a(b)(5)(D) limits the scope of our judicial review of an *in absentia* removal order to "(i) the validity of the notice provided to the alien, (ii) the reasons for the alien's not attending the proceeding, and (iii) whether or not the alien is removable." We review the BIA's factual determinations underlying a determination of removability for substantial evidence. *See Damon v. Ashcroft,* 360 F.3d 1084, 1088 (9th Cir.2004). In order to remove an alien *in absentia,* the DHS must "establish[ ] by clear, unequivocal, and convincing evidence that … the alien

is removable." *See* 8 U.S.C. § 1229a(b)(5)(A).

■ Based on the record before us, we are not convinced that the DHS proved by clear, unequivocal and convincing evidence that the petitioner was inadmissible under § 1182(a)(6)(C)(i) for willfully misrepresenting a material fact or that he was therefore deportable under § 1227(a)(1)(A). Moreover, the DHS failed to establish by clear, unequivocal and convincing evidence that the petitioner was still married to his first wife when he married his second wife—a United States citizen—or that the petitioner had willfully misrepresented his marital history. *See* 8 U.S.C. § 1229a(b)(5)(A).

Because the DHS failed to establish by clear, unequivocal and convincing evidence that the petitioner was inadmissible for fraud and thus was removable, we grant the petitioner's second petition for review and vacate the order of removal. *See Khodagholian v. Ashcroft,* 335 F.3d 1003, 1009 (9th Cir.2003).

No. 05–72232—PETITION DENIED.
No. 05–71255—PETITION GRANTED.
ORDER OF REMOVAL VACATED.